## TINKOFF v. HOLLY.
### No. 10921.

United States Court of Appeals,
Seventh Circuit.
Jan. 13, 1954.

Paysoff Tinkoff, Chicago, Ill., in pro. per.

Casper William Ooms, Robert C. Williams, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and FINNEGAN and LINDLEY, Circuit Judges.

FINNEGAN, Circuit Judge.

Plaintiff named sixty-nine parties defendants to a tort action filed September 19, 1952 in the Circuit Court of Cook County, State of Illinois. Federal Judge William H. Holly, through his counsel, accepted service therein, but his sixty-eight co-defendants were not, then, subjected to any process at the state level. While this status of all defendants prevailed, invocation of 28 U.S.C.A. § 1442 (a) (3) was effectuated by the Judge's petition of removal, filed October 9, 1952, in the United States District Court.

Under his amended notice of appeal plaintiff seeks vacation of two separate orders entered below on December 18, 1952 and March 31, 1953. Denial of plaintiff's petition to remand "this cause"

to its court of origin, flowed from the December order which was followed by the March dismissal of the cause as to Judge Holly.

We think the District Court had jurisdiction and power to act on the dismissal order under § 1442(a) (3) supra, coupled with Judge Holly's petition for removal showing, inter alia, want of any process served on his co-defendants. Community Bldg. Co. v. Maryland Casualty Co., 9 Cir., 1926, 8 F.2d 678; Heckleman v. Yellow Cab Transit Co., D.C.E.D. Ill.1942, 45 F.Supp. 984. To hold otherwise would collide with this defendant officer's unequivocal statutory right and do violence to the mandate embodied in that section.[1] But we do not reach plaintiff's postulations that the total action has been removed to the court below, because this appeal does not involve a genuine controversy over separability[2] and divisibility of plaintiff's action.

It must be remembered that Judge Holly is now dismissed out and the remaining sixty-eight defendants are as silent as is this record concerning them. Consequently we make no declaration as to the general jurisdictional status presently occupied by plaintiff's action.

During oral arguments, before this Court, plaintiff readily admitted that the order of dismissal was proper. No challenge of that adjudication is developed in plaintiff's briefs. The lower court's ruling was correct and we would sustain it, plaintiff's concession aside, under well settled authority. Bradley v. Fisher, 1871, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646; Papagianakis v. The Samos, 4 Cir., 1950, 186 F.2d 257.

This brings us to plaintiff's appeal from the order entered December 18, 1952 and requires a threshold re-

---

1. That part of 28 U.S.C.A. 1442 pertinent here provides:
   "(a) A civil action * * * commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: * * *

"(3) Any officer of the courts of the United States, for any Act under color of office or in the performance of his duties; * * *."

2. There is no question of a "Separable controversy." Plaintiff's brief, p. 7.

minder aptly described by a sentence from our opinion in Jarecki v. Whetstone, 7 Cir., 1951, 192 F.2d 121, 124: "It is our duty to decide any question of jurisdiction whether or not the parties have raised it."

Consonant with that statement we measured the order denying remand against our statutory reviewing powers, 28 U.S.C.A. § 1291, and have concluded that it does not qualify as a final decision within the meaning and purview of that section. The narrow ruling made below, denying plaintiff's motion to remand "this cause to the Circuit Court" is not an appealable order. Bender v. Pennsylvania Co., 1893, 148 U.S. 502, 13 S.Ct. 640, 37 L.Ed. 537; Lewis v. E. I. DuPont DeNemours & Co., 5 Cir., 1950, 183 F.2d 29, 21 A.L.R.2d 757. Dismissal of plaintiff's appeal from the order refusing remand stems from our lack of jurisdiction on this aspect of the case.

The appeal from the District Court's order entered December 18, 1952, is dismissed and the order of March 31, 1953 is affirmed.