Russell E. PETERSON et al., Appellants,

v.

BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN et al., Grand International Brotherhood of Locomotive Engineers, et al., Appellees.

No. 12561.

United States Court of Appeals
Seventh Circuit.

June 26, 1959.

---

Richard H. Sproull, Philip E. Byron, Jr., Elkhart, Ind., for appellants.

S. J. Crumpacker, South Bend, Ind., Harold N. McLaughlin, Harold C. Heiss, Cleveland, Ohio, George N. Beamer, South Bend, Ind. (Russell Day, Clarence E. Weisell, Cleveland, Ohio, of counsel), for appellees.

Before MAJOR, HASTINGS and KNOCH, Circuit Judges.

HASTINGS, Circuit Judge.

In an action commenced in a state court in Indiana, appellants, individual members of two Railroad Brotherhoods, sought to enjoin the International Officers of the Brotherhoods (appellees) from placing into effect a determination changing seniority rights in a certain seniority district. The suit was removed to the federal district court below; and, on July 18, 1958, the district court denied appellants' motion to remand the case to the state court. After a hearing and on October 15, 1958, the district court denied appellants' petition for a preliminary injunction. This appeal is brought from both the order denying the preliminary injunction and the order denying the motion for remand of the case to the state court.

Subsequent to the appeal now before this court, further hearings were held and evidence taken in this matter by the district court; and, on March 24, 1959, an order was entered by that court denying the issuance of a permanent injunction, which order was, in effect, a final determination on the merits of this action. An appeal is presently pending in this court from the denial of the permanent injunction. (Docket No. 12639, docketed May 11, 1959).

There is a long line of cases holding that an order granting or denying an interlocutory or preliminary injunction is merged in a decree or order granting or denying the permanent injunction, and that when both orders are appealed from, the appeal from the former will be dismissed. Sterling v. Constantin, 1932, 287 U.S. 378, 386, 53 S.Ct. 190, 77 L.Ed. 375; Champlin Refining Co. v. Corporation Commission of Oklahoma, 1932, 286 U.S. 210, 224, 52 S.Ct. 559, 76 L.Ed. 1062; Smith v. Illinois Bell Telephone Co., 1926, 270 U.S. 587, 46 S.Ct. 408, 70 L.Ed. 747; Pacific Telephone & Telegraph Co. v. Kuykendall, 1924, 265 U.S. 196, 205, 44 S.Ct. 553, 68 L.Ed. 975; Shaffer v. Carter, 1920, 252 U.S. 37, 44, 40 S.Ct. 221, 64 L.Ed. 445; Securities & Exchange Commission v. Okin, 2 Cir., 1943, 137 F.2d 862, 863, 148 A.L.R. 1019; Moore Dry Dock Co. v. Pillsbury, 9 Cir., 1938, 98 F.2d 115. This matter goes to the jurisdiction of this court to hear the present appeal; and, as stated by Chief Judge Duffy of this court in Jarecki v. Whetstone, 7 Cir., 1951, 192 F.2d 121, 124: "It is our duty to decide any question of jurisdiction whether or not the parties have raised it." See also Tinkoff v. Holly, 7 Cir., 1954, 209 F.2d 527, 529.[1] Under authority of the above cases we hold that the appeal from the

---

1. In the Jarecki case it was held that an order requiring the attendance of a taxpayer before the Collector to give testimony regarding her income was not a final decision and that the court lacked jurisdiction to hear the appeal. The Tinkoff case involved an appeal from denial of a motion to remand the action to a state court. This court held, on its own motion, that the appeal should be dismissed as beyond the jurisdiction of the court to hear.

order denying the preliminary injunction is beyond the jurisdiction of this court to hear and should be dismissed.

The order denying the motion for remand of this case to the state court likewise does not qualify as a final decision and is not an appealable order at this time. Tinkoff v. Holly, supra; Lewis v. E. I. Du Pont De Nemours & Co., Inc., 5 Cir., 1950, 183 F.2d 29, 31, 21 A.L.R.2d 757 and cases cited therein. Except for certain interlocutory orders designated in Section 1292 of Title 28 U.S.C.A., Congress has given this court jurisdiction to review only those judgments, decrees and orders which amount to a final decision. The clear purpose of this limitation is to prevent piecemeal litigation and to eliminate the delay consequent upon needless interlocutory appeals.

We hold that the orders of the district court denying the motion to remand and denying the petition for a preliminary injunction are not appealable and that this appeal should be and is dismissed.