**Edward W. GJERTSEN and Ed H. Smith, et al., Plaintiffs-Appellees,**

v.

**The BOARD OF ELECTION COMMISSIONERS OF the CITY OF CHICAGO, et al., Defendants-Appellants.**

**Nos. 84–1373, 84–1379.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 8, 1984.

Decided Dec. 14, 1984.

C. Richard Johnson, Isham, Lincoln & Beale, Chicago, Ill., for plaintiffs-appellees.

Michael Levinson, Bd. of Election Comm., Michael C. Moses, Chicago, Ill., for defendants-appellants.

Before WOOD and POSNER, Circuit Judges, and DUMBAULD, Senior District Judge.[*]

POSNER, Circuit Judge.

The plaintiffs in these consolidated civil rights suits brought under 42 U.S.C. § 1983 consist of persons who either were candidates for Ward Committeeman of either the Democratic or Republican Party in the primary election that was held on March 20, 1984, in Chicago, or wanted to vote for these candidates. The suits were brought early in 1984, and principally sought to enjoin the City's Board of Election Commissioners from enforcing a statute that requires a candidate for Ward Committeeman who wants to appear on the ballot in the primary to get valid signatures on his nominating petition equal to 10 percent of the ward's vote for the party's candidate who received the most votes in the last municipal election. See Ill.Rev. Stat.1981, ch. 46, ¶ 7–10(i). The complaint charges that this requirement violates the Fourteenth Amendment. The plaintiffs moved for a preliminary injunction; and after considering affidavits and other documents and hearing oral argument, the district judge on March 8, 1984, granted the motion in an order that declared the statu-

[*] Hon. Edward Dumbauld of the Western District of Pennsylvania, sitting by designation.

tory requirement unconstitutional and enjoined its enforcement against the candidate plaintiffs and ordered them placed on the ballot (one on condition that he sign up more than 5 percent—rather than 10 percent—of the necessary number of voters). The order adds: "Final judgment is entered at this time in order to afford the parties the maximum notice prior to the March 20, 1984 election in which to implement, or make preparations to appeal from, this order. A full opinion detailing the reasons for this ruling will be issued later this week." 587 F.Supp. 1134. (It was issued the next day.) 587 F.Supp. 1136.

The defendants filed a notice of appeal from the order of March 8, as they were entitled to do whether it was merely the grant of a preliminary injunction or the entry of a final judgment (see 28 U.S.C. §§ 1291, 1292(a)(1)); but the order was not stayed, 591 F.Supp. 70, and the March 20 primary was conducted in compliance with the terms of the order. Some of the candidate plaintiffs were elected Ward Committeemen; others were defeated.

This is the order before us on this appeal. But since its entry, and despite its being labeled a "final judgment," proceedings have continued in the district court. The candidate plaintiffs remain interested in the case even though the primary is long over, because whether they won or lost they will have to comply with the statutory signature requirement in the 1988 primary if they want to run for Ward Committeeman again, unless they get it struck down for good. And the voter plaintiffs remain interested because they do not want to have so limited a choice in the 1988 primary as they would have had this year if the statute had been enforced. So it is not surprising that the plaintiffs have (we were advised at argument) moved in the district court for a permanent injunction against the requirement, and in support of this motion have submitted affidavits and other materials gathered since the preliminary-injunction proceedings. The defendants have opposed the motion but have submitted no new evidence. The district judge has not yet acted on the motion; he may be waiting for this appeal to be decided.

■ If the order of March 8 did no more than grant a preliminary injunction, this appeal is moot. The preliminary injunction commanded certain things (mainly putting the candidate plaintiffs on the ballot) that were done before March 20. If we now order the injunction vacated, as the defendants ask us to do, it will be too late to take the plaintiffs' names off the ballot and run the primary without them, as the primary is over and done with, and the defendants do not ask that it be ordered rerun. Cf. *Jefferson v. Abrams*, 747 F.2d 94, 96 (2d Cir.1984); cases and discussion in 13A Wright, Miller & Cooper, Federal Practice and Procedure 2d § 3533.2, at pp. 253–61 (1984). But the order of March 8 purported to do more than just grant the plaintiffs' motion for a preliminary injunction: it purported to enter a final judgment, and to declare the challenged statute unconstitutional. A declaratory judgment is appealable as a final judgment; and if the order of March 8, though made in response to a motion for a preliminary injunction, was intended to be a final declaration that the statute was unconstitutional, the appeal is not moot, for the declaration will be as applicable to future primary elections as to the one conducted last March.

■ But that would not be a proper characterization of the order. From the reasons the district judge gave for entering what he called a final judgment it seems he either momentarily forgot that preliminary injunctions, though nonfinal, are appealable immediately (see 28 U.S.C. § 1292(a)(1)), or, what is more likely, meant simply that entry of the preliminary injunction would not be deferred for the preparation of his opinion. As for declaring the statute unconstitutional, it seems that the judge just meant that the plaintiffs had "demonstrated a reasonable likelihood of success on the merits" (as he put it in his opinion), which is a common formulation of one of the requirements for a preliminary injunction. See, e.g., *Technical Publishing Co. v. Lebhar-Friedman, Inc.*, 729 F.2d 1136, 1138–39

(7th Cir.1984). More important, the judge denied the full evidentiary hearing that the defendants had requested be held before the motion for preliminary injunction was decided only because there was not enough time for such a hearing, thus implying that such a hearing would be held (if the defendants wanted one) before a permanent injunction was entered. And there is more than an implication; the judge said in his opinion, "This opinion should not be construed to preclude the granting of a full evidentiary hearing when the permanent injunction issue is decided."

This language also negates the possibility that the judge, while granting just a preliminary injunction, decided that there would be no further proceedings—that the case would be treated as dismissed as soon as the preliminary injunction was complied with—in which event the injunction, as the last act in the case, would be final for purposes of appellate review, and the appeal might not be moot; the principle that allows disputes capable of repetition but avoiding appellate review to be retained on the appellate docket has been applied in a number of election cases. See, e.g., *Moore v. Ogilvie*, 394 U.S. 814, 816, 89 S.Ct. 1493, 1494, 23 L.Ed.2d 1 (1969). But the case is continuing in the district court, and is not moot there, because (and this distinguishes *Brockington v. Rhodes*, 396 U.S. 41, 43, 90 S.Ct. 206, 207, 24 L.Ed.2d 209 (1969) (per curiam)) there is a strong probability that some of the candidate plaintiffs will be in the same position three and a half years from now as they were last March—trying to collect signatures on their nominating petitions and frustrated by what they contend is an unconstitutional law. And they will get no help from the order of March 8, the injunctive provisions of which are limited to a primary that is already past and the declaratory provisions of which were apparently intended to be merely a premise for the injunctive provisions. The voter plaintiffs are in a similar position.

Since the only order before us—a preliminary injunction whose dissolution would lift no burden from the defendants'

backs—is moot, the appeal must be dismissed. But this leaves the question what if anything we should do about the district court's decision granting the preliminary injunction. As a general rule, when a case becomes moot on appeal, the district court's decision is vacated in order to make sure that a decision that the loser was unable to get appellate review of does not have res judicata or collateral estoppel effect in subsequent litigation between the parties. See *United States v. Munsingwear*, 340 U.S. 36, 39–40, 71 S.Ct. 104, 106–07, 95 L.Ed. 36 (1950); *Commodity Futures Trading Comm'n v. Board of Trade*, 701 F.2d 653, 656–57 (7th Cir.1983); *Jefferson v. Abrams, supra*, at 96. On this basis we have ordered a preliminary injunction vacated when the case became moot while the injunction was under appeal to this court. See *Barbour v. Central Cartage, Inc.*, 583 F.2d 335, 336–37 (7th Cir. 1978) (per curiam). This case is different, however, in that the case has not become moot—only one order in the case has become moot, the preliminary injunction under appeal—and in such cases the usual practice is just to dismiss the appeal as moot and not vacate the order appealed from. See cases and discussion in 13A Wright, Miller & Cooper, *supra*, § 3533.10, at pp. 435–36 and n. 33. The idea (we assume—it is nowhere clearly expressed) is that since only a final judgment has res judicata or collateral estoppel effect, there is no harm in letting an interlocutory order stand. As a matter of fact that is not always true; if a case does not go all the way to judgment, a preliminary injunction issued in it may be given collateral estoppel effect in future litigation between the parties. See *Commodity Futures Trade Comm'n v. Board of Trade, supra*, 701 F.2d at 657. But that is not likely here, given that a motion for a permanent injunction is pending in the district court. A preliminary injunction has no preclusive effect—no formal effect at all—on the judge's decision whether to issue a permanent injunction.

As we do not think we need order that the granting of the preliminary injunction be vacated, we can ignore another wrinkle: no one has requested that it be vacated. In *United States v. Munsingwear, supra,* 340 U.S. at 40–41, 71 S.Ct. at 107, the Supreme Court held that since the requirement of vacating the lower-court order when it becomes moot on appeal is for the benefit of the loser in the lower court, he can waive it, and does so by failing to invoke it. The requirement is not jurisdictional, because, by hypothesis, the order from which the appeal was taken was not moot when entered. See also 13A Wright, Miller & Cooper, *supra,* § 3533.10, at p. 426. The defendants have not asked us to vacate the grant of the preliminary injunction. True, it is not they but the plaintiffs who contend that the appeal is moot. But the defendants, who argue it is not moot, could have argued in the alternative that if it is moot we should not just dismiss their appeal but should also order the district judge to vacate his preliminary injunction order and opinion. They should have done this, in the interest of orderly procedure, rather than wait till we dismiss the appeal and then move to vacate either in the district court or in this court. But *this* question really is moot; such a motion would not be granted in any event, since, as we have said, the order and opinion cannot have any res judicata or collateral estoppel effect, given that the case is continuing in the district court.

APPEAL DISMISSED.