U. S. TRUCK COMPANY, INC.,
a Michigan corporation,

JOSEPH S. RADOM, P.C.

By: /s/Joseph S. Radom
    Joseph S. Radom  (P19185)
Attorneys for Debtor
29201 Telegraph Road, Suite 400
Southfield, Michigan  48034
(313) 352–3322

Dated: December  , 1984

By: /s/ John Schroeder
Its President

**In the Matter of U.S. TRUCK COMPA-
NY, INC., A Michigan Corporation,
Debtor.**

**Bankruptcy Nos. 82–03561, 84–CV–3920.**

United States District Court,
E.D. Michigan, S.D.

March 22, 1985.

Joseph S. Radom, Southfield, Mich., for debtor.

Barbara Rom, David D. Murphy, Detroit, Mich., for Unsecured Creditors' Committee.

Gerry M. Miller, Milwaukee, Wis., for Teamsters' Union.

## ORDER VACATING ORDER AND OPINION APPOINTING TRUSTÉE

PHILIP PRATT, District Judge.

On August 30, 1984 and September 7, 1984, the Bankruptcy Court entered Findings of Fact and Conclusions of Law Appointing Trustee, reported *In re U.S. Truck*, 44 B.R. 311 (Bankr.E.D.Mich.1984). The motion to appoint the trustee was initially brought by the Creditors' Committee. The Bankruptcy Court had determined that the debtor-in-possession's relationship with the Central Group, a term used to represent several related trucking companies,[1] and other circumstances would preclude the debtor from implementing a feasible plan of reorganization. This decision was immediately appealed to this Court and the appointment of the trustee was stayed pending the submission of briefs and arguments. On November 1, 1984, the Court heard oral arguments concerning U.S. Truck's motion to stay the appointment during the appeal period. The Court took the matter under advisement. The Court also instituted a series of status conferences with the parties in an effort to resolve the case.

During the following month the debtor and the parties made substantial progress toward a resolution of differences and formulating a feasible plan of reorganization. On December 11, 1984, the Court withdrew the reference to the Bankruptcy Court because circumstances in the Bankruptcy Court threatened the progress of the proceedings.[2] Shortly thereafter the debtor and the Creditors' Committee reached agreement on a reorganization plan. On December 14, 1984, the Court approved the Fourth Amended Disclosure Statement. On February 4, 1985, the Court confirmed the Fifth Amended Plan of Reorganization, reported at 47 B.R. 932 (E.D.Mich.1985).

Thereafter, Central Transport filed motions to vacate the order appointing the trustee and withdrawing or suppressing publication of the order and opinion. The debtor in possession joined in the motions. The Creditors' Committee, Central States, Southeast and Southwest Areas Pension and Health and Welfare Funds and the Teamsters National Freight Industry Negotiating Committee objected to these motions and oral arguments were heard on March 18, 1985.

■■■ The responding parties first argue that Central Transport has no standing to raise the issues, since having been denied permission to intervene by the Bankruptcy Judge, it is not a party to the litigation. However, there can be no dispute that the debtor in possession who joined in the motions does have standing. Moreover, the question of standing need not be decided. By virtue of the motions, this Court's attention was focused on the anomaly of having under advisement an appeal of the Bankruptcy Judge's order appoint-

1. "Central Group" was a term used to include Central Transport, Inc., Central Cartage Co., GLS LeasCo, Inc., and CenTra, Inc., who are apparently linked by common ownership.

2. The Bankruptcy Judge who had presided over the matter during this period resigned his position and there was no Bankruptcy Judge available who could devote full time and effort to the supervision of the case. Noting the need for expeditious resolution, particularly since appreciable progress had been made, this Court withdrew the reference to the Bankruptcy Court and assumed jurisdiction over the entire case.

ing a trustee and yet having confirmed a plan of reorganization. Under such circumstances, interests of finality and clarity prompt the Court sua sponte to consider the issues raised.

■ The situation presents an interesting and novel problem which arises because of the peculiar relationships created by the Bankruptcy Act. Thus, while this Court acted as an appellate court for the review of the Bankruptcy Judge's findings of fact and conclusions of law and its resultant appointment of a trustee, and while the appeal thereon was pending, this Court took charge of the entire case by virtue of its withdrawal of the reference to the Bankruptcy Court. Yet, the appeal is still pending even though this Court, by its confirmation of the plan of reorganization, has implicitly found that there is no need for the appointment of a trustee. Merely to dismiss the appeal, however, may carry with it the implication, at the very least, that the Bankruptcy Judge's order has continuing validity. At the same time, to conduct an appellate review to determine the validity or lack of validity of that order would be an unwarranted expenditure of judicial time and resources on a matter which is essentially moot. *See e.g., Allen v. Wright,* —— U.S. ——, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984); *Young v. Klutznick,* 652 F.2d 617 (6th Cir.1981).

Nor is there any profit to be gained by such a review. As is evident from a comparison of the Bankruptcy Judge's opinion with this Court's opinion, there were significant differences in the respective findings of fact and conclusions of law. This in appreciable measure is attributable to changes in circumstances and a fuller development of the evidence, in addition to changes in the positions of various parties through the negotiations and conferences with this Court. In addition, the hearings before the Bankruptcy Judge were heated and prolonged, frequently extending well into the nighttime hours, and, in some respects may have been hurried because of the impending date of the Bankruptcy Judge's resignation. To revisit that conflict would undoubtedly vent some spleens but would add nothing to the orderly process of this case, especially since under a more benevolent atmosphere and the efforts of various parties, a resolution was achieved.

The Court is aware, of course, that this Court's order confirming the plan of reorganization is on appeal. If the order is reversed, this Court could then be required to reconsider the issue of the appointment of a trustee. However, it would necessarily do so with the recognition of substantial changes in the circumstances considered by the Bankruptcy Judge in August and September of 1984. Thus, his findings and conclusions would be only peripherally relevant, if at all, to such a determination. Certainly this Court would be remiss if it ignored such changes and simply reverted to the original appeal and its now superseded context.

The critical factor, however, is that regardless of the validity of the Bankruptcy Judge's findings and conclusions, this Court's confirmation of the plan of reorganization is antithetical to the appointment of a trustee. The confirmation, by clear implication, overturns the order appointing a trustee, which is, after all, only an interlocutory order, and deprives it of any force or effect.

Consequently, the Order and Opinion Appointing a Trustee is vacated and set aside. *See e.g., United States v. Munsingwear,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950); *Gjertsen v. Board of Commissioners,* 751 F.2d 199 (7th Cir.1984).

The movants also request that this Court order the suppression of the Order and Opinion Appointing a Trustee and order that it not be published in the hard cover volume of West's Bankruptcy Reporter service. It already has been published in the service's advance sheets.

Another anomaly is presented to the Court since the movants take inconsistent positions. On the one hand, they request that the Order and Opinion of the Bankruptcy Judge be vacated as being moot, and on the other, urge suppression of the

Order and Opinion on the grounds that it is erroneous. Thus the Court is asked to review the appeal on its merits for one purpose and to decline a review for another purpose. The positions taken by the movants are inimical internally and also inimical to the foregoing ruling of the Court.

It is recognized, of course, that the immediate departure of the Bankruptcy Judge after the Opinion and Order were entered prevented a motion for reconsideration which may have resulted in modifications of his findings and language. It is, indeed, unfortunate that the parties, could not under the circumstances, utilize fully their procedural alternatives. However, the route chosen was the appeal of the Opinion and Order and comes before this Court in that posture. This Court's alternatives are therefore circumscribed and limited.

■ While it is true that an authoring judge may request that an opinion not be published or be withdrawn from publication, movants point to no authority which permits a non-authoring judge to withdraw a publication submitted by another judge or order that the latter's opinion be designated "Not for Publication." Nor is any authority cited for the proposition that a publisher may be ordered to refrain from publishing an opinion contained in the public records of the court. In fact there is authority to the contrary. In *United States v. Kilpatrick*, 52 U.S.L.W. 2434 (10th Cir., Jan. 24, 1984), the Tenth Circuit withdrew its temporary restraining order that prohibited the West Publishing Company from printing a federal district court opinion in the bound edition of its Federal Supplement. The Court held that "consider[ing] ... the force of opinions broadly banning prior restraints" [3] the Court could not suppress the opinion from publication.

The Court understands the concerns of the movants that the Opinion and Order contains references to them that could be troublesome in some other forum at some future time. However, the decision of this Court to vacate the Opinion and Order should minimize if not avoid completely any such problems.

For the foregoing reasons, the Motion to Withdraw and/or Suppress Publication of Opinion is DENIED.

IT IS SO ORDERED.

---

3. *E.g., New York Times v. United States,* 403 U.S. 713, 91 S.Ct. 2140, 29 L.Ed.2d 822 (1971); *Near v. Minnesota,* 283 U.S. 697, 51 S.Ct. 625, 75 L.Ed. 1357 (1931).