**ORION SALES, INC. and Orion Electric (America) Inc., Plaintiffs–Appellees,**

v.

**EMERSON RADIO CORP., Defendant–Appellant.**

No. 97–2812.

United States Court of Appeals, Seventh Circuit.

Argued June 4, 1998.

Decided July 6, 1998.

Philip A. Whistler, Curtis W. McCauley, Ice, Miller, Donadio & Ryan, Indianapolis, IN, Jeffrey Daichman, Kane Kessler, New York City, Barry J. Bendes (argued), Vedder, Price, Kaufman, Kammholz & Day, New York City, for Orion Sales, Inc.

Philip A. Whistler, Curtis W. McCauley, Ice, Miller, Donadio & Ryan, Indianapolis, IN, Barry J. Bendes, Vedder, Price, Kaufman, Kammholz & Day, New York City for Orion Electric (America) Inc.

David C. Campbell, Paul A. Bokota (argued), Bingham, Summers, Welsh & Spilman, Indianapolis, IN, Paul F. Carvelli, McCusker, Anselmi, Rosen & Carvelli, Chatham, NJ, for Emerson Radio Corporation.

Before COFFEY, FLAUM, and ROVNER, Circuit Judges.

FLAUM, Circuit Judge.

Emerson Radio Corporation (Emerson), appeals from a preliminary injunction entered by the district court ordering it not to terminate for specified reasons a licensing agreement with Appellee Orion Sales, Inc. (Orion). Emerson, a Delaware corporation with its principal place of business in New Jersey, has distributed and sold consumer electronics in the United States since the dawn of the electronic age. In the present day, Emerson no longer manufactures electronic goods, but rather licenses other manufacturers to produce and distribute goods bearing Emerson's mark. On February 22, 1995, Emerson entered into a licensing agreement with Orion, an Illinois corporation, that conveyed to Orion an exclusive three-year license to sell video products bearing the "Emerson" trademark to Wal–Mart Stores, Inc. (Wal–Mart). Historically, Wal–Mart has been the largest retailer of consumer electronic merchandise bearing the Emerson mark.

The License Agreement between Emerson and Orion went into effect on April 1, 1995. According to Emerson, Orion never lived up to its obligations under the Agreement: Emerson contends that Orion was contractually obligated to promote the Emerson mark at Wal–Mart and that, rather than doing so, Orion instead began to sell its own "Orion"-branded video products to Wal–Mart. Thus, on December 20, 1995, Emerson filed a five-count complaint in the District of New Jersey alleging, *inter alia*, breach of contract. On the following day, Orion filed suit against Emerson in the Southern District of Indiana. Orion alleged breach of contract on Emerson's part, and Orion sought a declaratory judgment that it had not breached the License Agreement, as well as an injunction prohibiting Emerson from declaring Orion in default under the Agreement. Orion Electric (America), Inc., an Indiana corporation and an affiliate of Orion's, also filed claims for relief in the Indiana complaint, seeking a money judgment from Emerson in excess of $3.2 million for "goods sold and delivered" and "account stated."

Despite the pending litigations, both Emerson and Orion continued to perform pursuant to the License Agreement. Then, on May 23, 1997, Emerson sent to Orion a notice that purported to terminate the Agreement, "effective immediately." The notice relied on the allegations contained in the New Jersey complaint as its grounds for termination. On May 27, Orion filed a motion in the Indiana district court, where its complaint was still pending, seeking a temporary restraining order and a preliminary injunction to prevent Emerson from terminating the License Agreement. Orion argued that the License Agreement only permitted termination for cause and that Emerson had not shown cause to terminate. Moreover, Orion contended that the Agreement required Emerson to provide thirty days notice prior to termination and that Emerson had waived its right to rely on the New Jersey complaint as providing the requisite notice.

Chief Judge Barker held a hearing on June 13, 1997, regarding Orion's preliminary

injunction motion. On July 10, 1997, the court issued its decision. Applying Indiana law, the court granted the motion and enjoined Emerson from terminating the Agreement "on the basis of the allegations contained in Emerson's December 1995 Complaint filed in the United States District Court for the District of New Jersey." The License Agreement by its terms was scheduled to terminate on March 31, 1998. Emerson timely filed a notice of appeal on July 14, 1997, but no party requested an expedited appeal. Following a number of briefing extensions pursuant to Rule 33 of the Rules of Appellate Procedure, this Court heard Emerson's appeal of the preliminary injunction on June 4, 1998. Orion's underlying claims for declaratory judgment, breach of contract, goods sold and delivered, and account stated, remain pending in the district court.

We typically have appellate jurisdiction over a district court's preliminary injunction under 28 U.S.C. § 1292(a)(1). However, Congress can only confer jurisdiction upon us to the extent authorized by Article III of the Constitution, and review of a preliminary injunction that has become moot would run afoul of the constitutional command that limits our jurisdiction to "cases" and "controversies." *See* U.S. CONST. art. III, § 2. We are "without power to decide questions that cannot affect the rights of litigants in the case before [us]." *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971). The preliminary injunction entered by the district court in this case is patently moot; the injunction ordered Emerson not to terminate the License Agreement, but the Agreement expired by its own terms on March, 31, 1998, over two months prior to the oral argument of this appeal. Thus, the relief that Emerson seeks—dissolution of the injunction—would have no effect, as the injunction has expired along with the Agreement. *See Henco, Inc. v. Brown*, 904 F.2d 11, 13 (7th Cir.1990).

Emerson contended at oral argument that the district court's choice-of-law decision, applying Indiana law over Emerson's contention that New Jersey law should apply, preserves this appeal as a live controversy.

In Emerson's view, the court's choice of law will make a difference with respect to the claims that are still pending in the district court. Emerson does *not* argue that a district court's choice-of-law determination is independently subject to an interlocutory appeal under the collateral order doctrine. In this regard, we have held previously that such a determination may not be the subject of an interlocutory appeal. *See Gramercy Mills, Inc. v. Wolens*, 63 F.3d 569, 571–72 (7th Cir.1995); *Freeman v. Kohl & Vick Mach. Works, Inc.*, 673 F.2d 196, 201 (7th Cir.1982). Our holdings in *Gramercy Mills* and *Freeman* are decisive with respect to Emerson's contention: Because a choice-of-law determination is not appealable in itself, it is merely one element of the district court's legal analysis in reaching its decision. Because that decision—entry of the preliminary injunction—is now moot, we have no more power to review the court's choice-of-law analysis than we do to review, for example, its weighing of the equities.

Emerson does not contend that this controversy falls within the "capable of repetition, yet evading review" exception. *See Southern Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911). This doctrine applies only if there is "a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975). While some short-term injunctions might fall within this doctrine, *see Carroll v. President and Comm'rs*, 393 U.S. 175, 178–79, 89 S.Ct. 347, 21 L.Ed.2d 325 (1968), this is not such a case. In our view there is not a reasonable expectation that Emerson will again be subjected to a similar preliminary injunction; in any event, the merits of this controversy will not evade review, because they can be decided by the district court when it tries the underlying contract claims that are still pending. *See Henco*, 904 F.2d at 12.

Moreover, the $100,000 injunction bond that Orion was required to post in the district court does not preserve this appeal as a live controversy. *The Supreme Court*

recognized in *University of Texas v. Camenisch*, 451 U.S. 390, 396, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981), that "when the injunctive aspects of a case become moot on appeal of a preliminary injunction, any issue preserved by an injunction bond can generally not be resolved on appeal, but must be resolved in a trial on the merits." *See also Henco*, 904 F.2d at 13. This is because the nature of a preliminary injunction precludes the district court from fully considering the evidence and issues presented. *See Camenisch*, 451 U.S. at 395–96, 101 S.Ct. 1830. In the instant case, a trial on the merits is still pending in the district court. Thus, as in *Henco*,

> [i]f [Emerson] eventually moves the district court for damages on the injunction bond and is dissatisfied with the district court's ruling, we can review the correctness of the trial judge's decision after the district court has had an opportunity to fully deliberate on the merits of the parties' claims.

904 F.2d at 13. Without the district court's full deliberation on the merits of the case, we cannot assess whether the injunction was wrongfully issued.

■ Finally, we must address the issue of vacatur. In its Reply Brief responding to Orion's suggestion of mootness, Emerson never requested that this Court vacate the granting of the preliminary injunction. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40–41, 71 S.Ct. 104, 95 L.Ed. 36 (1950), holds that a party can waive the requirement of vacating a lower-court order when it becomes moot on appeal. At oral argument, Emerson *did* ask the Court to vacate the district court's order if we deemed it moot. We have noted on many occasions, however, that arguments raised for the first time at oral argument are waived. *See, e.g., Ricci v. Arlington Heights*, 116 F.3d 288, 292 (7th Cir.1997), *cert. granted*, —— U.S. ——, 118 S.Ct. 679, 139 L.Ed.2d 627, *and cert. dismissed*, —— U.S. ——, 118 S.Ct. 1693, 140 L.Ed.2d 789 (1998); *United States v. Beltran*, 109 F.3d 365, 371 (7th Cir.), *cert. denied*, —— U.S. ——, 118 S.Ct. 145, 139 L.Ed.2d 92 (1997); *Dovenmuehle v. Gilldorn Mortgage Midwest Corp.*, 871 F.2d 697, 701 n.5 (7th Cir.1989). An exception to this rule

likely exists for jurisdictional issues, but we held in *Gjertsen v. Board of Election Commissioners*, 751 F.2d 199, 203 (7th Cir.1984), that the requirement of vacatur is not jurisdictional. *See also U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 24–25, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994) (holding that the decision whether to vacate a judgment or dismiss the case is governed by equitable principles). We accordingly conclude that Emerson waived this argument.

In any event, we held in *Gjertsen* that *Munsingwear* orders vacating the underlying order should not typically issue with respect to preliminary injunctions that become moot on appeal. *See* 751 F.2d at 202; *see also Certified Grocers v. Produce Union, Local 703*, 816 F.2d 329, 332 (7th Cir.1987) ("*Gjertsen* holds that appeals from expired preliminary injunctions should be dismissed without vacating the underlying order."). In this case, as in *Gjertsen*, the case itself has not become moot, only the preliminary injunction under appeal has become moot. *See* 751 F.2d at 202. Thus, in the absence of argument from Emerson as to why *Gjertsen*'s rule should not prevail in this case, we will not disturb the district court's order.

The district court's preliminary injunction is moot. Accordingly, Emerson's appeal from the preliminary injunction is dismissed.