United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 10, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50795

FEDERAL TRADE COMMISSION

Plaintiff - Appellee

v.

ASSAIL, INC; ET AL

Defendants

PAR 3 INC

Appellant

Appeal from the United States District Court
for the Western District of Texas
No. W-03-CV-7

Before KING, Chief Judge, and REAVLEY and EMILIO M. GARZA,

Circuit Judges.

PER CURIAM:[*]

Par 3, Inc., a nonparty to the underlying suit, appeals the

district court's denial of its motion to dissolve a preliminary

injunction as to it. We dismiss the appeal as moot.

While Par 3's appeal was pending, the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

converted the preliminary injunction into a permanent injunction and entered a final judgment.  The district court's grant of a permanent injunction rendered this particular appeal moot.  See Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 314 (1999) ("Generally, an appeal from the grant of a preliminary injunction becomes moot when the trial court enters a permanent injunction, because the former merges into the latter."); La. World Exposition, Inc. v. Logue, 746 F.2d 1033, 1038 (5th Cir. 1984).

As Par 3 admits (repeatedly) in its brief to this court, the objections it has to the preliminary injunction are the same objections it would have to the permanent injunction.  According to Par 3, the district court lacked jurisdiction to enjoin it (either by preliminary injunction or by permanent injunction) because Par 3 is not a party to the suit, did not submit to the jurisdiction of the court, and disputes that it is the alter ego of the defendant in the underlying suit.  Because all the issues raised by Par 3 are common to the preliminary injunction and the permanent injunction, Par 3's appeal cannot be saved from mootness on the ground that it involves issues particular to the preliminary injunction.  See La. World Exposition, 746 F.2d at 1038; cf. Grupo Mexicano, 527 U.S. at 317-18 (holding that an appeal from a preliminary injunction was not rendered moot by an order granting a permanent injunction, where the issue appealed "[was] independent of [the plaintiffs'] claim on the merits" and

2

"ha[d] nothing to do with the validity of the permanent injunction").  We note that, had Par 3 appealed the permanent injunction, it could have gotten "as broad a review on the merits of the order granting the permanent injunction as [it] could have obtained on appeal" from the order denying its motion to dissolve the preliminary injunction.  La. World Exposition, 746 F.2d at 1038.

Par 3's remaining arguments are, likewise, unmeritorious. Contrary to Par 3's assertion, the district court had the power to convert the preliminary injunction into a permanent injunction; it is settled that a district court has jurisdiction to proceed with the merits of the case and to grant a permanent injunction while an appeal of a preliminary injunction order is pending.  Ry. Labor Executives' Ass'n v. City of Galveston, 898 F.2d 481, 481 (5th Cir. 1990); see also Webb v. GAF Corp., 78 F.3d 53, 55 (2d Cir. 1996).  Furthermore, Par 3 may not convert this appeal into an appeal of the order granting a permanent injunction, through Federal Rule of Civil Procedure 4(a)(2) or otherwise.  See Certified Grocers of Ill., Inc. v. Produce Union, Local 703, 816 F.2d 329, 331 (7th Cir. 1987).  Thus, we conclude that Par 3's appeal is moot.

At oral argument, the Federal Trade Commission wisely conceded that Par 3 may challenge the final judgment and the permanent injunction either through a motion under Rule 60(b) of the Federal Rules of Civil Procedure or in contempt proceedings.

3

If Par 3 chooses to pursue either of these options, the district court may find guidance in <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100 (1969).

Accordingly, we DISMISS as moot Par 3's appeal from the district court's denial of its motion to dissolve the preliminary injunction.  Each party shall bear its own costs.

4