# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 04-2255

WORLDWIDE STREET PREACHERS' FELLOWSHIP,
RON MCRAE, DANIEL GOWAN, et al.,

*Plaintiffs-Appellants,*

v.

BART PETERSON, Mayor, in his official capacity as
Mayor of the City of Indianapolis, MICHAEL O'CONNOR,
in his official and individual capacity, MARK R. RAND,
Officer, in his official and individual capacity, et al.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 03 C 1516—**John Daniel Tinder**, *Judge.*

_____

ARGUED SEPTEMBER 29, 2004—DECIDED OCTOBER 29, 2004

_____

Before CUDAHY, RIPPLE and EVANS, *Circuit Judges.*

RIPPLE, *Circuit Judge.* Worldwide Street Preachers' Fellowship and its members (collectively "SPF") filed an action pursuant to 42 U.S.C. § 1983 against the City of Indianapolis and its officials (collectively "the City"). The complaint alleged that the defendants, operating under the

color of state law, had interfered with SPF's street preaching activities during the parade held in conjunction with the Indianapolis Five Hundred mile race and, consequently, had deprived them of their rights to the free exercise of religion, to freedom of speech and to assembly, in violation of the First and Fourteenth Amendments to the Constitution of the United States.

SPF moved for a preliminary injunction to prevent the City from restricting its activities during the 2004 parade. The district court granted in part and denied in part this motion. SPF appeals. For the reasons set forth in the following opinion, we have concluded that the issue of whether a preliminary injunction ought to have been issued is moot. Accordingly, we must dismiss SPF's appeal.

# I

# BACKGROUND

## A. Facts

Since 1957, the City of Indianapolis has played host to a festival on Memorial Day weekend to celebrate the running of the Indianapolis Five Hundred mile motor race. The event is organized and sponsored by 500 Festival, a private nonprofit Indiana corporation, under permit from the City. Every year on Memorial Day Saturdays, 500 Festival sponsors a pre-race parade that winds its way through the city and attracts some 250,000 spectators.

The parade is designated as a special event by city ordinance. 500 Festival applies each year for a permit to operate the festival; once granted, the permit affords 500 Festival use of a specified geographic area in the city for its event. The permit's conditions restrict other groups' use of the designated area during the event. For example, vendors are

not permitted to set up within fifty feet of the event boundaries without the permission of the permit holder (500 Festival). The event sponsor coordinates public safety with the city police department, which enforces the terms of the permit. Some bleacher seats are available for sale, although attendance at the parade is free to the public.

During the 2003 parade, SPF members attempted to preach to event spectators. Accounts vary, but it is undisputed that city police officers prevented SPF from displaying large banners, using megaphones and passing out leaflets. Some SPF members were arrested.

## B.  District Court and Court of Appeals Proceedings

SPF filed an action pursuant to 42 U.S.C. § 1983 against the City for violations of its rights under the First Amendment. Concerned that the City would prohibit their preaching activities at the 2004 parade, scheduled for May 29, SPF also moved for a preliminary injunction to prevent the City from stopping its stationary preaching and use of leaflets, banners and megaphones during the parade. The City admitted to the district court that it would not allow these activities during the upcoming event unless SPF received permission from 500 Festival, the sponsor and permit holder. In seeking the preliminary injunction, SPF pointedly did not challenge facially any law or ordinance, but rather sought prospectively to prevent the City from limiting its First Amendment rights during the 2004 parade. SPF did not seek permission to conduct its preaching activities from 500 Festival. Neither party joined 500 Festival as a party to the underlying litigation.

The district court determined that SPF had demonstrated a likelihood of success on the merits, and then balanced the harms to each party that would result from the issuance of

a preliminary injunction. According to the district court, this balance favored enjoining the City from preventing SPF's leaflet activity, but did not favor an injunction regarding the banners, stationary preaching, or use of megaphones. SPF appealed to this court.

SPF then filed a motion before this court, on May 18, 2004, styled a "Motion for Expedited Appeal and Advancement of Hearing." It sought to extend the district court's preliminary injunction beyond leaflet activity to prohibit any restriction on the raising of banners, preaching in one place, or using megaphones during the 2004 parade. This court treated SPF's filing as a request for injunction pending appeal and directed the City to file a response that would address whether, in light of *Hurley v. Irish-American Gay, Lesbian and Bisexual Group of Boston*, 515 U.S. 557 (1995), the City had a role to play in prohibiting public participation in the parade. This court later entered a preliminary injunction that enjoined the City from "excluding the appellants from stationary preaching and the display of banners within the boundaries of the 500 Festival Parade unless the parade organizers otherwise object to such activities." Order, May 27, 2004 at 2. On May 29, 2004, the parade occurred as scheduled.

## II

## DISCUSSION

This court's jurisdiction to review the grant or denial of a preliminary injunction is grounded in 28 U.S.C. § 1292(a)(1). Congress' authority to confer jurisdiction upon us, however, is limited by Article III of the Constitution, which extends federal judicial power only to "Cases" and "Controversies." U.S. Const. art. III, § 2. As a result of this limitation, federal courts "may not 'give opinions upon moot questions or ab-

stract propositions.' " *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). Mootness, therefore, is always a threshold jurisdictional question that we must address even when it is not raised by the parties. *See North Carolina v. Rice*, 404 U.S. 242, 246 (1971); *Orion Sales, Inc. v. Emerson Radio Corp.*, 148 F.3d 840, 842 (7th Cir. 1998).

In its motion for a preliminary injunction, SPF did not challenge any Indiana statute or Indianapolis ordinance. Nor did it challenge the process by which permits are issued for such events. Rather, it simply asked the district court to protect its efforts during the 2004 parade, an event that occurred several months ago. The district court's determination of that issue is the only subject of this appeal. Now that the 2004 parade is over, nothing that we might do at this point can alter what took place during the parade. We can no longer "affect the rights of litigants in the case." *Rice*, 404 U.S. at 246; *see also Orion Sales*, 148 F.3d at 842 (dismissing appeal in which oral arguments occurred two months after expiration of the preliminary injunction). Indeed, this court already has addressed the relief sought by SPF and supplemented the relief previously granted by the district court.

At oral argument, SPF asserted that this court's injunction did not address all of its concerns because it enjoined the City only from prohibiting stationary preaching and banner activities without addressing its claimed right to leaflet or to preach among the crowd. The district court's preliminary injunction, however, protected the right to hand out leaflets, and the City never claimed that it had a right to prohibit mobile preaching. In any event, there is nothing that this court can do to enjoin the City's actions with respect to a parade that already has occurred. Thus, because we cannot affect the asserted rights of SPF or the City, this appeal of the preliminary injunction is moot.

At oral argument, SPF contended, for the first time, that it seeks a permanent injunction against the City to prevent police officers from restricting their activities at future parades. It would be inappropriate for this court to extend the appeal of a preliminary injunction order to address matters that properly are the subject of ongoing litigation in the district court. The subject of a permanent injunction is still before the court and, "[w]ithout [its] full deliberation on the merits of the case, we cannot" determine whether such action is warranted under the circumstances. *Orion Sales*, 148 F.3d at 843.

In response to our mootness concerns, SPF submitted that we should review the preliminary injunction because the City's alleged policies restricting their activities are capable of repetition, yet evade review. *See, e.g.*, *City of Los Angeles v. Lyons*, 461 U.S. 95, 109-10 (1983); *Tobin for Governor v. Illinois State Bd. of Elections*, 268 F.3d 517, 528-29 (7th Cir. 2001). But "the capable-of-repetition doctrine applies only in exceptional situations," *Lyons*, 461 U.S. at 109, "when (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again," *Tobin for Governor*, 268 F.3d at 529 (citing *Illinois State Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173, 187 (1979)).

This appeal does not present such an "exceptional situation." The 2004 parade has ended, and SPF has not demonstrated any impediment to challenging the complained-of City activities before the next parade in May 2005. If the § 1983 action concludes before then, SPF will have an answer to their request for a permanent injunction. If the action is still pending when the 2005 parade date approaches, SPF may request that the district court issue another preliminary injunction and later seek review of that

court's action here. The history of this litigation makes clear that timely review can be obtained.

SPF also failed to demonstrate that it necessarily will be subjected in 2005 to precisely the same treatment that it received in 2003. Indeed, much of the district court's analysis in partially granting this preliminary injunction depended upon the City's admission that it would prevent SPF from conducting certain activities in the same manner as its officers had in 2003. Now, because the 2004 parade occurred under this court's injunction, the City's position well may have changed. And there is no basis for this court to believe that any wrongful activities by the City during the 2003 parade will be repeated in the 2005 parade.

### Conclusion

For the foregoing reasons, the appeal is dismissed for want of jurisdiction.

APPEAL DISMISSED

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*