NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
## Chicago, Illinois 60604

Argued September 12, 2017
Decided September 18, 2017

### Before

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 14-3636 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| CHARLES B. RICE, SR., *et al.*, *Plaintiffs-Appellees*, | |
| *v.* | |
| LSREF3 SAPPHIRE TRUST 2014, *et al.*, *Defendants-Appellants*. | No. 14 C 8675 Edmond E. Chang, *Judge*. |

### Order

Charles Rice, Sr., and Catherine Rice guaranteed a loan from Harris Bank to Barkston Properties, LLC. The loan went into default, and two forbearance agreements were reached. Under the second of these agreements only a new default supports acceleration of the principal and immediate collection. In June 2014 the Bank assigned the loan and guarantee to LSREF3 Sapphire Trust 2014 (the Trust), which promptly asserted that a new default had occurred. The Rices filed this suit in an effort to exercise control over collateral pending a decision about the Trust's assertion. The Trust brought its own suit. See *LSREF3 Sapphire Trust 2014 v. Barkston Properties, LLC*, 2016 U.S. Dist. LEXIS 7931 (N.D. Ill. Jan. 25, 2016). These suits have been consolidated.

The district court issued a preliminary injunction requiring two things: first that the Trust release its security interest in a property at 46 Surfsong Road, Kiawah Island, South Carolina (the Kiawah parcel), as part of its sale, and second that the Trust not sell properties at 9090 and 9110 Barkston Drive, Alpharetta, Georgia. The parties refer to the second part of the order as enjoining a "nonjudicial foreclosure," which is how they describe a private sale authorized under Georgia law by a deed to secure debt.

The district judge concluded that there is a legitimate debate among the litigants whether any default post-dates the second forbearance agreement, though he thought the Rices likely to prevail on that issue. The injunction was accordingly provisional, and the judge called on the parties to settle—and, if not, to supply other evidence so that the preliminary injunction could be lifted or made permanent.

The injunction was entered in November 2014. Almost three years have passed. The parties tried to settle but could not do so, and the Trust's appeal was finally briefed and argued. Long before that, however, the sale of the Kiawah parcel closed. The Trust, which received $220,000 as its share of the proceeds, allows that a sale to a bona fide purchaser cannot be undone or a lien reinstated, but it resists the conclusion that this aspect of the dispute is moot. It invokes the doctrine of "capable of repetition but evading review." See *Weinstein v. Bradford*, 423 U.S. 147 (1975). It is not at all clear that the dispute about the Kiawah parcel is capable of repetition. That dispute centered on a contention that the parcel was being sold for too little. Even if disputes about other parcels concern their selling prices, they won't be the *same* as the dispute about the Kiawah parcel's price. At all events, future disputes will not evade review if the Trust posts a bond to prevent the sale while protecting the Rices against loss from delay. So this aspect of the proceedings is indeed moot.

As for the dispute about the two Barkston Drive parcels: we do not perceive any abuse of discretion by the district court. It is far better to provide the judge with more evidence about compliance with the second forbearance agreement, and get this dispute finally resolved, than to engage in additional proceedings concerning preliminary relief.

The appeal is dismissed as moot to the extent it concerns the Kiawah property. (This is the proper remedy when a preliminary injunction becomes moot while on appeal. *Orion Sales, Inc. v. Emerson Radio Corp.*, 148 F.3d 840, 843 (7th Cir. 1998).) Otherwise the decision is affirmed.