Raymond HIGBEE; William Crenshaw; Alexander Smogyi; Roger Dennehy, Plaintiffs–Appellants,

v.

CITY OF SAN DIEGO; Norman Hardman, Defendants–Appellees.

No. 89–55364.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 1990.

Decided Aug. 24, 1990.

Thomas F. Homann, San Diego, Cal., for plaintiffs-appellants.

John W. Witt, Ronald L. Johnson, Eugene P. Gordon, Steven R. Gustavson, Office of the City Atty., San Diego, Cal., for defendants-appellees.

Before HUG, HALL and TROTT, Circuit Judges.

TROTT, Circuit Judge:

Plaintiffs, sales clerks of "peep shows" located within the City of San Diego, filed this 42 U.S.C. § 1983 action against the City of San Diego and some of its police officers seeking damages for subjecting them to post-arrest custodial processing rather than releasing them in the field on their promises to appear in court. The district court granted defendants' motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I

FACTS AND PROCEEDINGS BELOW

In 1984, the City of San Diego enacted San Diego Municipal Code section 33.3317,

which requires that "peep show establishments," i.e., coin-operated movie arcades, be constructed so the complete interior of the arcade is visible upon entry. The same section prohibits partially or fully enclosed booths in a movie arcade.[1] A violation of this law is a misdemeanor.

In early 1987, in an effort to enforce section 33.3317, police officials met with counsel for "F" Street Corporation, the operator of four stores covered by section 33.3317. The police advised "F" Street's counsel that officers would inspect the stores and issue field release citations, pursuant to California Penal Code section 853.-6, to clerks at the stores considered in violation of section 33.3317. A field release citation requires an arrestee so released to appear in court at a given time and eliminates the need for immediate booking and other custodial post-arrest procedures. The police also advised "F" Street's counsel that if they found violations to be continuing upon subsequent inspection, they would take the clerks to jail instead of issuing field release citations. California Penal Code section 853.6(i)(7) provides that a police officer making a misdemeanor arrest may forego field release procedures if the police officer has a reasonable belief that the offense will "continue or resume."

Upon inspection, the police determined the stores were in violation of section 33.-3317. The clerks on duty were arrested and released contemporaneously on field citations.

Before the criminal charges arising from those arrests were adjudicated, police again inspected the stores and found they had not been rearranged to conform to the law. Accordingly, police arrested the plaintiffs for violating section 33.3317 and escorted them to jail where they underwent the usual administrative procedures that follow an arrest. Plaintiffs Higbee, Crenshaw, and Smogyi were in custody approximately three hours. Plaintiff Dennehy was in custody a little over eight hours.

The police based the decision to forego field release upon their belief that plaintiffs would continue their offense if not taken to jail, not upon the failure of plaintiffs to provide proper identification or concern that plaintiffs would fail to appear in court.

The district court granted partial summary judgment in favor of defendants on plaintiffs' claim that the police officers' decision to take plaintiffs to jail instead of releasing them in the field violated the Fourth and Fourteenth Amendments.

## II

### STANDARD OF REVIEW

A grant of summary judgment is reviewed de novo. *Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). Appellate court review is governed by the same standard used by trial courts under Fed.R. Civ.P. 56(c). *Darring v. Kincheloe,* 783 F.2d 874, 876 (9th Cir.1986). An appellate court must determine, viewing the evidence in a light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Tzung v. State Farm Fire & Casualty Co.,* 873 F.2d 1338, 1339–40 (9th Cir.1989).

## III

### ANALYSIS

Plaintiffs seek damages pursuant to 42 U.S.C. section 1983. They allege their treatment by the police was unreasonable and therefore a violation of their constitutional rights guaranteed by the Fourth and Fourteenth Amendments. The gist of plaintiffs' argument is that the police es-

---

1. San Diego Municipal Code section 33.3317(a) provides:

 No peep show establishment shall be maintained or operated unless the complete interior of the arcade where the pictures are viewed is visible upon entrance to such picture arcade. No partially or fully enclosed booths or partially or fully concealed booths shall be maintained. It shall be unlawful for any person to operate, manage or maintain a peep show in violation of this section.

corted them to jail upon the occasion of their second arrest as punishment for the possible future commission of a misdemeanor. The City, on the other hand, contends the police appropriately exercised discretion given to them by law, opting not to use field release citations because they confronted an offense they could reasonably expect to continue. The City denies this was done as punishment.

Plaintiffs in essence attack the constitutionality of California Penal Code section 853.6 to the extent that it allows police officers who have arrested an individual for a misdemeanor to deny that individual the field release option based on anticipated future conduct. We hold that the arrest and particularly the subsequent transportation of the plaintiffs to jail were authorized by California law and were not inconsistent with rights guaranteed by the Constitution.

## A. The Arrest

 A police officer is permitted to arrest without a warrant if a misdemeanor or a felony is committed in the officer's presence. *United States v. Watson*, 423 U.S. 411, 418, 421–24, 96 S.Ct. 820, 825, 826–28, 46 L.Ed.2d 598 (1976). This practice has never been successfully challenged and stands as the law of the land.[2] It is not disputed that plaintiffs were arrested for an offense occurring in the presence of the arresting officers. Thus the arrests themselves were undoubtedly proper.

## B. Post–Arrest Procedure

 Generally, an arrested person is taken to a police facility where he or she is booked and either posts a statutory bond or appears before a judicial officer for bail to be set. Under certain circumstances, California takes a different and less restrictive approach to this situation. California Penal Code section 853.6(a) requires that a police officer making an arrest for a misdemeanor issue a field release citation which permits the arrestee to avoid the usual booking process. California Penal Code section 853.6(a) provides, in pertinent part:

> (a) In any case in which a person is arrested for an offense declared to be a misdemeanor, including violation of any city or county ordinance, and does not demand to be taken before a magistrate, that person shall, instead of being taken before a magistrate, be released according to the procedures set forth by this chapter.
>
> . . . .

These procedures call for the arrested person to be released in the field on the condition that the person sign a written promise to appear in court. Such person's liberty is obviously less affected by this procedure than by the usual custodial procedures. However, California Penal Code section 853.6(i)(7) provides that a police officer arresting a person is *not* required to release such an individual in the field if there is "a reasonable likelihood that the offense or offenses would continue or resume," an exception that hardly strikes this court as unusual.

Plaintiffs challenge what they claim was a post-arrest infringement of a liberty interest. However, plaintiffs did not have a constitutional right to immediate liberty once they were subjected to a lawful arrest. The state is constitutionally permitted to detain all misdemeanor arrestees for the usual post-arrest procedures. California has excepted some alleged misdemeants from this procedure—that is California's right. It has also provided that some misdemeanants will be subject to the custodial post-arrest procedures—that too is California's right. To require that those likely to continue to break the law be processed in a custodial manner certainly seems rational. Indeed, it would border on the irrational to require the release in the field of those arrested for a public offense who showed

---

**2.** At common law a peace officer was allowed to arrest only for a breach of the peace committed in his presence. This rule has been relaxed by both subsequent court cases and statute to allow arrest for *any offense* committed in the presence of the police officer. *See* 5 Am.Jur.2d, Arrests § 26 (1962); *id.* § 26–31. Moreover, the Fourth Amendment interposes no barrier to a warrantless arrest for an offense committed outside of an officer's presence. *Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir.1990).

promise of continuing immediately to engage in their illegal conduct.

■ Plaintiffs' attempt to characterize this as punishment for future uncommitted crimes is simply wrong. Such a characterization views the disputed event out of both statutory and constitutional context and twists the purpose of the field release procedure into something it is not. Plaintiffs were not being punished. They were merely being taken to jail to be booked and processed in the customary manner, a process which fully complies with both the Fourth and Fourteenth Amendments. The record contains no suggestion that the actual motive of the police was to punish—to the contrary. Their plain objective was to follow the letter of the law, and to enforce it.

In sum, plaintiffs had no constitutional right to be released in the field without being booked or posting bail once lawfully arrested. Accordingly, the judgment of the district court is

AFFIRMED.