129 F.3d 119
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David PAOLELLO, Plaintiff-Appellant,
v.
Richard MARCO and Mitchell Vandenbos, Defendants-Appellees.
 No. 97-2314.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 16, 1997.*
Decided Oct. 23, 1997.
 
 1
 Before COFFEY, EASTERBROOK, and KANNE, C.J.
 
 ORDER
 
 2
 Two officers of the Downers Grove Police Department stopped David Paolello's bicycle on May 25, 1995, leading to this action under 42 U.S.C. § 1983. Paolello's bike lacked lights or reflectors, and as he was on the street at 1 a.m. the absence of night gear violated Illinois law. After being stopped, Paolello refused to identify himself; at the stationhouse he could not post cash bond and refused to sign an individual recognizance bond, so he was held overnight. He asserts that this detention violated the Constitution, but the district court disagreed--properly so.
 
 
 3
 Most of Paolello's contentions are undeveloped by legal argument and therefore are waived. Griffin v. Milwaukee, 74 F.3d 827, 828 (7th Cir.1996). Other portions of his brief-assert that the police did not follow state law, which in an action under § 1983 is neither here nor there. Archie v. Racine, 847 F.2d 1211 (7th Cir.1988) (en banc). The two federal arguments that he does develop are unavailing. One is that a custodial arrest is impermissible when the law provides only for a fine. That argument was considered and rejected in Ricci v. Arlington Heights, 116 F.3d 288 (7th Cir.1997). The other is that detention for refusal to sign an individual recognizance bond offends a "right not to contract" he finds in the ninth amendment. This proposition is inconsistent with Ford v. Wilson, 90 F.3d 245, 247-48 (7th Cir.1996). No more need be said about Paolello's substantive points.
 
 
 4
 On June 11, 1996, Paolello appeared in the district clerk's office with affidavits asserting that the defendants were in default, and the clerk entered a default judgment. Paolello says that the district court abused its discretion in vacating this judgment. Hardly so. The judgment was obtained by misrepresentation, for the defendants had appeared through counsel on June 6. While Paolello was in the clerk's office the defendants' lawyer was in court requesting an extension of time to file an answer to the complaint. Paolello marched into the courtroom and presented his default judgment, which the judge instantly vacated. Paolello should give thanks that the district court did not impose sanctions for this chicanery; he is in no position to take advantage of a judgment that he induced the clerk to enter in error.
 
 AFFIRMED
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)