Dennis James GRIMES, Jr.,
Plaintiff—Appellant,

v.

CITY OF SAN DIEGO; et al.,
Defendants—Appellees.

No. 04–55768.

D.C. No. CV–04–00002–IEG.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Dennis James Grimes, Jr., San Diego, CA, pro se.

David R. Sherman, Office of the City Attorney, San Diego, CA, for Defendants–Appellees.

Before O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

MEMORANDUM **

Dennis James Grimes, Jr. appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C. § 1983 action

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

against the City of San Diego and three police officers arising out of a traffic stop, which led to Grimes's arrest and search. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6), *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997), and we affirm.

Grimes contends that the district court erred by dismissing his action alleging he was arrested without probable cause in violation of the Fourth Amendment and that the employees of the City of San Diego violated his liberty and due process rights by failing to take him to a magistrate, in violation of his Fourteenth Amendment rights. These contentions lack merit.

Grimes first contends that his arrest for driving without a driver's license was improper because police officers failed to "demand" to see his license as required by Cal. Veh.Code § 12951(b). The record indicates that the officers properly asked to see Grimes's license, and he responded by providing a privately-made identification card. These facts are adequate to articulate probable cause for arrest. *See United States v. Wallace*, 213 F.3d 1216, 1220 (9th Cir.2000) (probable cause exists when police officers have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect has committed or was committing a crime).

The district court properly dismissed Grimes's claim of an illegal arrest because the search-incident-to-arrest exception permits law enforcement officers to conduct a warrantless search of a person who is arrested, and of his surrounding area, when the search is incident to the arrest. *See United States v. Smith*, 389 F.3d 944, 951 (9th Cir.2004).

The district court properly dismissed Grimes' claim that he was denied due process when he was not immediately taken before a magistrate. The state is constitutionally permitted to detain misdemeanor arrestees for the usual post-arrest procedures. *See Higbee v. City of San Diego*, 911 F.2d 377, 380 (9th Cir.1990) (holding plaintiffs did not have a constitutional right to immediate liberty once they were subjected to a lawful arrest).

AFFIRMED.