**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID GROSSMAN, | No. 16-55854 |
| Plaintiff-Appellant, | D.C. No. 8:13-cv-00461-DDP-CW |
| v. | |
| JOHN POPP; STEVE SHERRILL, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted August 9, 2017[**]

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

David Grossman appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging federal and state law claims arising from a traffic stop, arrest, detention in jail, and vehicle impoundment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Glenn v. Washington*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*County*, 673 F.3d 864, 870 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment on Grossman's claims under the Fourth Amendment and Article I, Section 13 of the California Constitution related to his traffic stop and arrest because Grossman failed to raise a genuine dispute of material fact as to whether defendants had no reasonable suspicion for the traffic stop and no probable cause to make an arrest. *See Rodriguez v. United States*, 135 S. Ct. 1609, 1614 (2015) ("[T]he tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's 'mission'—to address the traffic violation that warranted the stop and attend to related safety concerns." (citations omitted)); *Beck v. Ohio*, 379 U.S. 89, 91 (1964) (arrest supported by probable cause does not violate the Fourth Amendment); *United States v. Hartz*, 458 F.3d 1011, 1017 (9th Cir. 2006) ("A police-initiated traffic stop is reasonable under the Fourth Amendment if the police stop the vehicle because of a reasonable suspicion that the vehicle's occupants have broken a law." (citation and internal quotation marks omitted)); Cal. Veh. Code § 22348(a) (speeding); Cal. Veh. Code § 4000 (vehicle registration); Cal. Veh. Code § 26710 (defective windshield); *see also Lyall v. City of Los Angeles*, 807 F.3d 1178, 1186 n.7 (9th Cir. 2015) (Article I, Section 13 of the California Constitution provides the same protection against seizures as the Fourth Amendment).

The district court properly granted summary judgment on Grossman's

claims under the Fourth Amendment and Article I, Section 13 of the California Constitution related to his booking into jail and detention because Grossman failed to raise a genuine dispute of material fact as to whether he had a right to immediate release after his arrest. *See* Cal. Pen. Code § 853.6(g) (arresting officer has discretion as to whether arrestee should be released without booking); *Higbee v. City of San Diego*, 911 F.2d 377, 379 (9th Cir. 1990) ("[Misdemeanor arrestees do] not have a constitutional right to immediate liberty once they [a]re subjected to lawful arrest. The state is constitutionally permitted to detain all misdemeanor arrestees for the usual post-arrest procedures.").

The district court properly granted summary judgment on Grossman's Fourth Amendment and due process claims relating to the seizure of his vehicle because Grossman failed to raise a genuine dispute of material fact as to whether his constitutional rights were violated. *See Ramirez v. City of Buena Park*, 560 F.3d 1012, 1025 (9th Cir. 2009) (impound of vehicle is permissible under the Fourth Amendment's community caretaking doctrine when vehicle is parked in a private parking lot and at risk of theft and vandalism); *Miranda v. City of Cornelius*, 429 F.3d 858, 867 (9th Cir. 2005) (stating that "[i]mpoundment of a vehicle left in a public place or a vehicle for which there is no licensed driver . . . would not require a pre-deprivation notice and a pre-seizure hearing"); *Scofield v. City of Hillsborough*, 862 F.2d 759, 764 (9th Cir. 1988) (an immediate post-towing

3                                                                    16-55854

hearing is not required by due process).

The district court properly granted summary judgment on Grossman's false imprisonment claim because Grossman failed to raise a genuine dispute of material fact as to whether defendant Popp acted without "lawful privilege." *See Young v. County of Los Angeles*, 655 F.3d 1156, 1169 (9th Cir. 2011) (setting forth elements of false imprisonment claim under California law).

The district court did not abuse its discretion by denying Grossman leave to amend to add C.D. Vincent as a defendant because amendment would have been futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (setting forth standard of review).

**AFFIRMED.**