NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|   |   |
|---|---|
| GERALD MARKHAM, | No. 19-15640 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-00134-JAS-JR |
| v. | |
| COUNTY OF PIMA; PIMA COUNTY SHERIFF'S DEPARTMENT; CLARENCE DUPNIK, Retired Sheriff; CHRIS NANCOS, Present Sheriff; ALEX JANSEN, Deputy Sheriff # 7332; M. B. DIXON, Deputy Sheriff # 1199; E. C. CURTIN, Deputy Sheriff Sergeant # 1154, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted July 17, 2020**

Before O'SCANNLAIN, TROTT, N.R. SMITH, Circuit Judges:

Gerald Markham appeals the district court's order dismissing some of his §

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1983 Fourth Amendment claims and appeals from the grant of summary judgment on his other Fourth Amendment and Americans with Disabilities Act (ADA) claims. The facts of this case are known to the parties, and we do not repeat them here.

I

The district court did not err in dismissing some of Markham's Fourth Amendment claims and granting summary judgment on others. Markham has not shown that the Pima County Sheriff's Department's (PCSD) policy of blood-testing for DUI infractions, pursuant to a warrant, is a violation of the Fourth Amendment, and therefore, he has failed to state a claim against Pima County and the Pima County Sheriff. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 694 (1978).

The district court did not err in dismissing his claims for conspiracy to commit unlawful incarceration, by booking him after his arrest for DUI, against Deputies Jansen, Dixon, and Curtin. There is no federal right to immediate release after lawful arrest. *Higbee v. City of San Diego*, 911 F.2d 377, 379 (9th Cir. 1990). And there is no Arizona right to field release after arrest, but rather this decision is left to the discretion of the arresting officer. A.R.S. § 13-3903. Therefore, Markham has failed to state a claim under the Fourth Amendment for unlawful incarceration.

2

Finally, the district court did not err in granting summary judgment in favor of Deputies Dixon and Curtin on Markham's Fourth Amendment excessive force claims based on the five attempted blood draws.[1] It is undisputed that the blood draws were performed pursuant to a warrant by two trained phlebotomists. It is further undisputed that the deputies wore gloves, sanitized Markham's skin beforehand, and covered the site of the draw afterwards. Markham has provided no evidence demonstrating that the deputies' actions were unreasonable, and he has further put forth no evidence that the pain and discomfort he experienced was beyond that normally associated with a blood-draw. Thus, no Fourth Amendment violation occurred, and the district court did not err in so finding. *Graham v. Connor*, 490 U.S. 386, 394, 397 (1989).

## II

The district court did not err in granting summary judgment in favor of Pima County on Markham's ADA claim that the officers failed to accommodate his disability during the blood draw process. Here, Markham has not met his burden to establish the elements of his ADA claim because he has not demonstrated that he has a disability. 42 U.S.C. § 12102. Although he alleged in his complaint that he suffers from a heart condition, he provided no evidence of any sort to confirm

[1] The district court did not err in dismissing the excessive force claim against Deputy Jansen who was present for but did not actually administer any blood draw. *Chuman v. Wright*, 76 F.3d 292, 294-95 (9th Cir. 1996).

3

this condition was a disability within the meaning of the ADA. Since Markham has failed to produce evidence demonstrating a genuine dispute of material fact exists as to his ADA claim, the district court did not err in granting summary judgment in favor of the County.

## III

The district court did not err in considering PCSD's DUI policy, a written instrument that was attached to Markham's complaint, in evaluating the County's motion to dismiss. "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Here, Markham attached a copy of the policy to his own complaint, making it part of the pleadings. Thus, the district court did not err in considering the policy.

## IV

The district court did not abuse its discretion in denying Markham's motion to amend his complaint to include a state law public-records claim under A.R.S. §39-121.02. While the district court *had* jurisdiction, it is not required to grant leave to amend if the amendment likely would have been futile. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). Here, the amendment would have been futile because Markham failed to state what records he sought and was denied, and he also named the wrong party in his claim. Thus, the district court did not abuse its discretion in denying the motion to amend.

V

The district court did not abuse its discretion in denying Markham's motions for extensions of time to respond to the County's motion for summary judgment and to file written objections to the Report and Recommendation. Markham had already been granted approximately 20 extensions throughout the proceedings, he already had 71 days to respond to the County's motion, and the case had been pending for 32 months. Markham's cited computer issues and time needed to fix a noncompliant brief in a different case did not constitute good cause for another extension. The district court's decision to deny Markham's motions for extensions was thus not an abuse of discretion.[2] *Ahancian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1258-59 (9th Cir. 2010).

**AFFIRMED.**

---

[2] The district court's denial of Markham's motion to reconsider the denial of his motion for an extension of time was proper for the same reasons.