# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 11-1085

JAY STONE, et al.,

*Plaintiffs-Appellants,*

*v.*

BOARD OF ELECTION COMMISSIONERS FOR THE
CITY OF CHICAGO,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 10-cv-7727—**Robert M. Dow, Jr.**, *Judge.*

ARGUED APRIL 4, 2011—DECIDED MAY 4, 2011

Before KANNE, ROVNER, and SYKES, *Circuit Judges.*

KANNE, *Circuit Judge.* Most major American cities have some mechanism—a filing fee, a signature requirement, or both—to limit the number of mayoral candidates on the election ballot. In Chicago, however, where it regularly appears that money and politics go hand and hand, there is no filing fee for mayoral candidates. On the other hand, candidates must gather signatures from

12,500 registered voters over a 90-day period in order to become ballot-eligible. Jay Stone, Frederick White, Frank Coconate, Denise Denison, Bill "Doc" Walls, and Howard Ray ("Plaintiffs") claim Chicago's signature requirement violates several of their constitutional rights. Chicago's Board of Election Commissioners argues the signature requirement is essential to keeping the ballot from becoming a phone book.

Plaintiffs brought their dispute with the Election Board to federal court, seeking a declaratory judgment that the signature requirement is unconstitutional. In December 2010, Plaintiffs moved for a preliminary injunction prohibiting the Board from enforcing the requirement in the municipal election on February 22, 2011. The district court denied the injunction, and Plaintiffs appealed that denial. Because the election has taken place, Plaintiffs' appeal is now moot.

"[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam). If an event occurs during appeal that eliminates the court's power to provide relief, the appeal is moot. *Dorel Juvenile Grp., Inc. v. DiMartinis*, 495 F.3d 500, 503 (7th Cir. 2007). The only relief Plaintiffs seek from us is an injunction pertaining to the municipal election on February 22, 2011. That election has passed, the requirement was enforced, and the requested injunction is now worthless. Perhaps if Plaintiffs had sought an injunction forcing a new election, we would have jurisdiction. *See Stewart v. Taylor*, 104 F.3d 965, 970 (7th Cir. 1997) (holding

the appeal of a denial of a preliminary injunction not moot because "if we find merit in [plaintiff's] claim, we could order a new election"). But Plaintiffs seek no such remedy, and the injunction they do seek could no longer affect the litigants' rights.

To be sure, there is an exception to the mootness doctrine for challenges to actions that are "capable of repetition, yet evading review." *S. Pac. Terminal Co. v. Interstate Commerce Comm'n*, 219 U.S. 498, 515 (1911). But the action Plaintiffs challenge—enforcement of Chicago's signature requirement—does not evade review. Plaintiffs remain free to pursue their underlying suit, in which they should be able to obtain review of the signature requirement before Chicago's next mayoral election in 2015. Accordingly, the "capable of repetition, yet evading review" exception does not apply. *Gjertsen v. Bd. of Election Comm'rs of the City of Chicago*, 751 F.2d 199, 201-02 (7th Cir. 1984); *see also Worldwide Street Preachers' Fellowship v. Peterson*, 388 F.3d 555, 559 (7th Cir. 2004).

This is an interlocutory appeal, asking us only to review the denial of an injunction that no federal court could now grant. We have no jurisdiction to evaluate the appeal, so it is DISMISSED.