WOOD, Chief Judge.
Anthony Wheeler, an Illinois prisoner, filed this civil-rights suit against his prison’s medical director, Dr. Paul Talbot, for alleged deliberate indifference to two serious medical needs. See 42 U.S.C. § 1983. (Otherand claims are irrelevant to this appeal.) Wheeler first alleges that he experiences excruciating pain from “large and protruding” keloids (growths of scar tissue) on his chest, hips, and legs. He also alleges that he tested positive for a stomach infection caused by the bacterium helicobacter pylori. Dr. Talbot, according to Wheeler, ignored both conditions. The district court allowed the keloid claim to proceed but dismissed the h. pylori claim because the bloodtest results that Wheeler attached to his complaint establish that he tested negative for the infection. The court then denied a motion from Wheeler that requested a “temporary restraining order and preliminary injunction” requiring Dr. Talbot to refer Wheeler immediately to “a suitable doctor.” The court’s order denying the motion states in full: “TEXT ORDER denying Motion for Preliminary Injunction. This court concludes that there is no basis for injunctive relief in this case.” Wheeler appeals the denial under 28 U.S.C. § 1292(a)(1).
*552 Despite its explicit reference to a preliminary injunction, the district court’s order might be read as denying only Wheeler’s motion for a temporary restraining order. One reason to do so is that a court may not issue a preliminary injunction without advance notice to the adverse party, Fed.R.CivP. 65(a)(1), and Dr. Talbot had not yet been served when the district court acted on Wheeler’s motion.[1] Another is that the district court must provide reasons for denying preliminary injunctive relief, see Fed.R.Civ.P. 52(a)(2); CIR. R. 50, but the court did not do so here. If the better understanding of the court’s order is that it denied only the portion of Wheeler’s request that sought a temporary restraining order, then, as our dissenting colleague points out, we would be required to dismiss this appeal for lack of jurisdiction. See Cnty., Mun. Emps.’ Supervisors’ & Foreman’s Union Local 1001 v. Laborers’ Int’l Union ofN. Am., 365 F.3d 576, 578 (7th Cir.2004).
We think it best, however, to take the district court at its word. The court certainly knew the difference between a TRO and a preliminary injunction, and its order specified that it was denying Wheeler’s motion for a “preliminary injunction” because there was no basis for “injunctive relief.” This understanding of the district court’s order is not undermined by Rule 65(a)’s requirement that adverse parties receive notice before preliminary injunctions are issued, for Wheeler’s motion was denied. See Relias v. Lane, 923 F.2d 492, 496 (7th Cir.1990) (concluding that lack of notice to adverse parties was a “non-issue” because the motion for preliminary injuncfive relief was denied). Construed as the denial of a preliminary injunction, this is an order that properly may be appealed immediately. See 28 U.S.C. § 1292(a)(1).
As we mentioned, the district court failed to supply reasons for denying preliminary injunctive relief. Ordinarily we would remand the case and require the court to supply those reasons. See Books v. Chafer, 91 F.3d 972, 978 (7th Cir.1996); Sims v. Lucas, 9 F.3d 1293, 1294 (7th Cir.1993); DiLeo v. Ernst & Young, 901 F.2d 624, 626 (7th Cir.1990). But that step is not necessary here because, even ignoring the lack of advance notice to Dr. Talbot, there is enough in this record to demonstrate that the requested relief — immediate referral to another doctor — is unwarranted. Wheeler’s h. pylori claim provides no basis for a preliminary injunction because the lab results on which he relies refute that claim. Nor has Wheeler presented evidence that could support an immediate referral to treat his keloids. He asks us to rely on the medical records attached to his brief, but those records, which relate to two appointments with the prison’s medical staff, do not help him. The records reflect that Wheeler told the staff that his keloids hurt and “periodically ooze[ ] puss [sic ].” But the staff noted in those records that he showed no “obvious discomfort” and observed that his “skin integrity is intact” and his keloids are “small.” Staff also instructed Wheeler to take acetaminophen for pain relief and to return if his symptoms got worse. This evidence, which is all that he supplied, shows neither that Wheeler will experi *553 ence irreparable harm without a preliminary injunction nor that his deliberate-indifference claim against Dr. Talbot has a reasonable likelihood of success. Because Wheeler does not meet the requirements for preliminary relief, see Munafv. Geren, 553 U.S. 674, 690, 128 S.Ct. 2207, 171 L.Ed.2d 1 (2008); Stutter, Inc. v. Steak N Shake Enters., 695 F.3d 676, 678 (7th Cir. 2012), the district court did not abuse its discretion in denying Wheeler’s motion.
Affirmed.

. The record shows that the defendants were not served until after the district court denied the motion. Wheeler nonetheless appended a “proof of service” notice to his filings. Even so, we see nothing to indicate that he was trying to mislead the district court. The court was responsible for authorizing service, and it had explained to Wheeler in an earlier order " that “no Defendants have been served and no Defendants have appeared in this action.” It is more likely that Wheeler did not understand that this statement should have been omitted.