**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 11, 2018
Decided January 2, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-1609

| | |
|---|---|
| JAN KOWALSKI MCDONALD, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 1:18-cv-01277 |
| COOK COUNTY OFFICERS | |
| ELECTORAL BOARD, et al., | John J. Tharp, Jr., |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Jan Kowalski McDonald, an Illinois attorney proceeding pro se, appeals the district court's denial of injunctive relief against the Cook County Officers Electoral Board to keep her name on the May 2018 Democratic primary ballot as a candidate for Cook County Clerk. We dismiss the appeal as moot.

Ms. McDonald sought to run for Cook County Clerk this past spring. To be included on the Democratic primary ballot, Illinois law required that she submit a petition for nomination containing "at least the number of signatures equal to 0.5 percent of the qualified electors of his or her party who cast votes at the last preceding

general election in Cook County." 10 ILCS 5/7-10(d)(1). Given the number of qualified voters in the 2016 election, Ms. McDonald had to obtain 8,236 signatures to be included on the ballot.

Ms. McDonald submitted a petition with 22,057 signatures. The Cook County Clerk's Office, which serves as the chief election authority for the county, examined Ms. McDonald's petition (as it does for any petition) and found that only 8,684 of the signatures were valid. A private party later objected to the propriety of some of those remaining signatures, *see* 10 ILCS 5/10-8, and the hearing officer assigned to the case determined that many addresses had been altered. The Cook County Officers Electoral Board, which hears objections to candidacies and petitions, held a hearing and adopted the hearing officer's recommendation. The Board invalidated more than 700 signatures, leaving Ms. McDonald 320 signatures shy of the 8,236 necessary to qualify for the primary. The Board voted unanimously to remove her name from the ballot.

Ms. McDonald brought this action alleging that her exclusion from the primary ballot under 10 ILCS 5/7-10(d)(1) for failing to meet the 0.5 percent signature requirement violated the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Voting Rights Act. She sought a temporary restraining order enjoining the Board from enforcing the 0.5 percent signature requirement that kept her off the ballot because it was inconsistent with another subsection of the statute, 10 ILCS 5/7-10(a), which requires candidates for statewide office to obtain only 5,000 signatures to secure a spot on the ballot (as opposed to the 8,236 signatures Ms. McDonald needed to collect for countywide office).[1] Therefore, she asked the court to order that her name be kept on the primary ballot.

---

[1] Ms. McDonald principally relied on *Illinois State Board of Elections v. Socialist Workers Party*, 440 U.S. 173 (1979). In that case, the Supreme Court determined that a provision of the Illinois election code that required independent candidates and new political parties to obtain more than 25,000 signatures to appear on the ballot for the Chicago mayoral election violated the Equal Protection Clause of the Fourteenth Amendment. *Id.* at 186. Noting that this signature requirement was substantially higher than a similarly situated candidate or party for statewide office needed, the Court held the provision unconstitutional because the State Board of Elections had not advanced any compelling reason for imposing a higher minimum-signature requirement on citywide candidates than on statewide candidates. *Id.*; *see also Gjersten v. Bd. of Election Comm'rs for City of Chi.*, 791 F.2d 472, 477 (7th Cir. 1986) (determining that the state's ten percent minimum-signature requirement for candidates seeking office of ward committeeman was unconstitutional because the State Board of Elections did not advance any compelling reason why a ward committeeman in Cook County had a higher signature requirement than a township committeeman outside of Cook County).

The district court construed her motion as a request for a preliminary injunction and denied relief. The court determined that Ms. McDonald could not establish a reasonable likelihood of success on the merits of her claim (i.e., that the 0.5 percent signature requirement is unconstitutional). To succeed on the merits, according to the district court, Ms. McDonald had to demonstrate that the signature requirement severely burdened her constitutional rights. *See Burdick v. Takushi*, 504 U.S. 428, 434 (1992). A burden is severe when no "reasonably diligent candidate could be expected to be able to meet the requirements and gain a place on the ballot." *Stone v. Bd. of Election Comm'rs for City of Chi.*, 750 F.3d 678, 682 (7th Cir. 2014) (quoting *Bowe v. Bd. of Election Comm'rs of City of Chi.*, 614 F.2d 1147, 1152 (7th Cir. 1980)). The district court believed that Ms. McDonald undermined her argument that no reasonably diligent candidate could meet the requirement because she herself was close to obtaining the necessary number of signatures. The court also pointed out that at least eight candidates running for Cook County offices were able to obtain the requisite number of valid signatures. The district court finally explained that this circuit (as well as the Supreme Court) has upheld signature requirements more demanding than the one complained of here.

Ms. McDonald appealed the district court's order, and we directed the parties to file supplemental briefing on a jurisdictional question: whether the motion denied by the district court was for a temporary restraining order, the denial of which is not appealable. *See Wheeler v. Talbot*, 770 F.3d 550, 552 (7th Cir. 2014). We determined that Ms. McDonald's appeal was from a denial of a preliminary injunction and allowed the appeal to proceed to briefing. Order, *McDonald v. Cook Cnty. Officers Electoral Bd.*, No. 18-1609 (7th Cir. Apr. 4, 2018).

Ms. McDonald now argues that the signature requirement is severely burdensome, especially for a candidate such as herself who do not join a "slate."[2] The Board counters that Ms. McDonald's claim is moot because the primary election is over.

We agree with the Board; there is no longer a live case to adjudicate because a decision on the merits would not change the status quo. *See Stone v. Bd. of Election Comm'rs for City of Chi.*, 643 F.3d 543, 544–45 (7th Cir. 2011); *Gjertsen v. Bd. of Election Comm'r of City of Chi.*, 751 F.2d 199, 202 (7th Cir. 1984). Ms. McDonald sought to enjoin the Board to keep her name on the March 2018 primary ballot, but that primary occurred nine months ago. She also asks that we order that her name be printed on the

---

[2] In Illinois, a petition may contain the names of two or more candidates for offices within the State, county, or judicial district from the same established party. *See* Illinois State Board of Elections, 2018 Candidate's Guide 51 (April 4, 2018).

November 2018 general election ballot, but that election has also passed. Her case is moot because the relief that she specifically sought in the district court in her motion for interlocutory relief—an order that she be included on the ballot—would not affect the results of an election that has already happened.

In her reply brief, Ms. McDonald asserts that the passage of an election does not render an election-related challenge moot if the claim is capable of repetition yet evades review. This exception applies where: "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *F.E.C. v. Wisconsin Right to Life, Inc.*, 551 U.S. 449, 462 (2007) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)).

Ms. McDonald's appeal does not satisfy the exception because her action does not evade review. Before us is an interlocutory appeal; Ms. McDonald's underlying suit is still live in the district court.[3] She may continue to litigate her suit seeking a declaratory judgment that the signature requirement is unconstitutional, as well as damages caused by the Board's alleged violation of her civil rights. In those proceedings, she will be able to obtain review of the signature requirement before the next election for Cook County Clerk in 2022. *See Stone*, 643 F.3d at 545 (because the plaintiff was able to obtain review of the signature requirement before the next applicable election, the case did not fall within the "capable of repetition, yet evading review" exception).

We therefore dismiss Ms. McDonald's appeal of the district court's denial of injunctive relief as moot.

APPEAL DISMISSED

---

[3] Indeed, the parties proceeded to brief the Cook County Officers Election Board's motion to dismiss filed after the primary election.