**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 26, 2019[*]
Decided February 26, 2019

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-1286

| | |
|---|---|
| GREGORY D. JONES,<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 1:17-cv-01248-JBM |
| DRS. ANDREW TILDEN and<br>RILIWAN OJELADE,<br>    *Defendants-Appellees.* | Joe Billy McDade,<br>*Judge.* |

## O R D E R

   Gregory Jones, an inmate at Pontiac Correctional Center, sued two prison doctors for deliberate indifference. Jones alleged that Dr. Riliwan Ojelade refused to give him a bottom-bunk permit and that Dr. Andrew Tilden ignored his requests to be seen for aggravated preexisting back pain. In the ensuing months, Jones filed a series of motions seeking restraining orders and emergency relief, all of which the district court

---

   [*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

construed as requests for injunctive relief and denied. In one filing, Jones sent the court a sealed letter seeking relief for an alleged sexual assault by a non-party Pontiac correctional officer. In an order dated February 2, 2018, the court denied this motion on the grounds that it repeated allegations that Jones had made in three previously denied motions for injunctive relief in another ongoing case in the district, *Jones v. Baylor*, No. 17-1344 (C.D. Ill. July 25, 2017).

In his notice of appeal, Jones specified that he wished to appeal the district court's February 2 order. (His appellate brief proceeded to challenge the prior denial of other motions, but he concedes in his reply brief that our jurisdiction is limited to reviewing only the February 2 order.) We have jurisdiction over interlocutory orders refusing to grant injunctions, such as the district court's February 2 order denying Jones's request for injunctive relief. *See* 28 U.S.C. § 1292(a)(1); *Wheeler v. Talbot*, 770 F.3d 550, 552 (7th Cir. 2014). Jones seems to argue that the district court misconstrued the purpose of the sealed letter, which was "addressed specifically" to his other ongoing case, and that the court's denial of his motion prejudiced his ability to litigate his claim in the other case.

The district court did not abuse its discretion in denying Jones's request for relief. Atop the sealed letter, Jones wrote that his request concerned 1:17cv1248 JBM, the case number for this case, so the district court reasonably could believe that he intended to file this letter in this case. Similarly, because the contents of the letter appeared to involve a named defendant in Jones's *other* case, the court understandably denied his request because it sought relief for an unrelated claim against an un-named defendant. *See* FED. R. CIV. P. 65(d)(2); *United States v. Kirschenbaum*, 156 F.3d 784, 794 (7th Cir. 1998). And contrary to Jones's contention, that determination did not prevent him from refiling his request for relief in his other pending case.

AFFIRMED