**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 20, 2019[*]
Decided June 21, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-2918

| | |
|---|---|
| JASON J. HYATT, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District |
| | of Wisconsin. |
| | |
| *v*. | No. 17-CV-1294 |
| | |
| CHRYSTAL MARCHANT, et al., | Lynn Adelman, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Jason Hyatt, a Wisconsin inmate, sued prison health services staff for deliberate indifference to his complaints of shoulder pain in violation of the Eighth Amendment. *See* 42 U.S.C. § 1983. The district court dismissed the complaint at screening for failure

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

to state a claim. *See* 28 U.S.C. § 1915A(b)(1). Because Hyatt failed to plead that the defendants recklessly disregarded his medical needs, we affirm.

We accept the following allegations in Hyatt's amended complaint as true. *Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018). While exercising, Hyatt injured his right shoulder. Within a week, a nurse gave him acetaminophen and an injection of what Hyatt believes was Toradol, an anti-inflammatory drug. A couple of weeks after that, Dr. Jeffrey Manlove examined Hyatt, scheduled him for a cortisone shot and ordered a follow-up visit to monitor the pain. Hyatt received the cortisone shot nine days later. None of these treatments eased Hyatt's pain, so he submitted multiple requests for more pain medication and an MRI. He also filed a grievance with the prison's health services manager, Chrystal Marchant, stating that his treatment was ineffective. Marchant dismissed the grievance, stating that she saw no problem with Hyatt's treatment plan based on her review of his letters and medical file. She also noted that Hyatt's file included at least one document in which he reported that his pain had improved.

Hyatt then sued Dr. Manlove, Marchant, and Beth Dittman, the nursing coordinator, in their personal and official capacities, alleging that they were deliberately indifferent to his pain by persisting in an ineffective course of treatment. The district court screened Hyatt's complaint and dismissed it because it did not state a claim. Hyatt amended his complaint, but this submission again failed to allege how any of the defendants disregarded his pain, so the district court dismissed the case with prejudice (and in the process also denied a motion for injunctive relief that Hyatt had filed).

On appeal, Hyatt maintains generally that his amended complaint stated a deliberate-indifference claim and adds that the defendants (and others) are involved in a scheme "to deny, limit, and/or delay care." But we agree with the district court that Hyatt failed to state a claim against any of the three defendants. First, regarding Dr. Manlove, Hyatt may disagree with the doctor's treatment decisions (e.g., refusing to authorize an MRI), but disagreement with the course of treatment does not support a claim for deliberate indifference. *See Proctor v. Sood*, 863 F.3d 563, 568 (7th Cir. 2017); *see also Pyles v. Fahim*, 771 F.3d 403, 411 (7th Cir. 2014) (whether to order an MRI is a medical judgment). Second, as for Marchant, her response to Hyatt's grievance does not amount to deliberate indifference because prison administrators may rely on the treating physicians' prescribed course of treatment. *See Rasho v. Elyea*, 856 F.3d 469, 478–79 (7th Cir. 2017). Finally, regarding Dittman, Hyatt did not allege that she was

personally involved in his care, so she could not have been deliberately indifferent to his condition. *See George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

Next, to the extent that Hyatt asserts that the defendants advanced a policy or practice denying or delaying care, any such claim fails because he has pleaded no underlying constitutional violation. *See Petty v. City of Chicago*, 754 F.3d 416, 424–25 (7th Cir. 2014).

Hyatt also challenges the district court's decision to deny his request to amend his complaint to include a retaliation claim. But the court did not abuse its discretion because it already had given Hyatt one opportunity to amend, *see* FED. R. CIV. P. 15(a)(2), and Hyatt failed to include a copy of the proposed second amended complaint with his motion, *see* E.D. WIS. CIV. R. 15(a); *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 811 (7th Cir. 2009).

Last, Hyatt contests the denial of his request for injunctive relief. But the district court appropriately determined that, for purposes of a preliminary injunction, Hyatt could not show likely success on the merits of his claims. *See* FED. R. CIV. P. 65; *Wheeler v. Talbot*, 770 F.3d 550, 552–53 (7th Cir. 2014). To the extent that he sought a temporary restraining order, that would be an interlocutory decision over which we have no jurisdiction. *See Wheeler*, 770 F.3d at 552.

We have considered Hyatt's remaining arguments, but none has merit.

A final note: by this case, Hyatt has incurred one "strike" for filing a lawsuit that fails to state a claim, and a second for pursuing this appeal. *See* 28 U.S.C. § 1915(g); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

                                                                                                    AFFIRMED